# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY L. WEIR,<br><br>                               Petitioner,<br>   vs.<br>STATE OF CALIFORNIA, Warden,<br><br>                             Respondent. | CASE NO. 12-CV-2516 JLS (WVG)<br><br>**ORDER DENYING CERTIFICATE OF APPEALABILITY** |

On October 16, 2012, Petitioner, a state prisoner proceeding *pro se*, filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) On October 26, 2012, the Court dismissed Petitioner's case without prejudice and with leave to amend for failure to pay the $5.00 filing fee and informed Petitioner that he must, no later than December 24, 2012: (1) pay the $5.00 filing fee or submit adequate proof of his inability to pay the fee; and (2) file a first amended petition curing the pleading deficiencies outlined in the Court's October 26, 2012 Order. (ECF No. 2.) As of this date, Petitioner has failed to comply with the Court's October 26, 2012 Order. Petitioner now appeals that October 26, 2012 Order dismissing Petitioner's case without prejudice. (Notice of Appeal, ECF No. 7.)

This Court must "construe [Petitioner's] notice of appeal as a request for certificate of appealability." *Turner v. Calderon*, 281 F.3d 851, 864–65 (9th Cir. 2002) (quoting *Sassounian v. Roe*, 230 F.3d 1097, 1100 (9th Cir. 2000)). A COA is authorized "if the applicant has made a substantial showing of the denial of a

1  constitutional right." 28 U.S.C. § 2253(c)(2).  Where, as here, the petition is dismissed
2  on procedural grounds without reaching the prisoner's underlying constitutional claim,
3  a COA "should issue if the prisoner can show: (1) 'that jurists of reason would find it
4  debatable whether the district court was correct in its procedural ruling'; and (2) 'that
5  jurists of reason would find it debatable whether the petition states a valid claim of the
6  denial of a constitutional right.'" *Morris v. Woodford*, 229 F.3d 775, 780 (9th Cir.
7  2000) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  As both of these
8  components are necessary to obtain a COA, the Court may resolve either issue first, but
9  resolution of the procedural issue first has been encouraged by the Supreme Court.
10 *Slack v. McDaniel*, 529 U.S. at 485; *see also Petrocelli v. Angelone*, 248 F.3d 877, 884
11 & n.6 (9th Cir. 2001).

12  Here, the Court dismissed Petitioner's petition after he failed to pay the $5.00
13 filing fee or submit adequate proof of his inability to pay the fee.  Petitioner also failed
14 to file an amended petition addressing the numerous pleading deficiencies outlined by
15 this Court in the October 26, 2012 Order.  Accordingly, the Court can find no reason
16 for jurists of reason to find it debatable whether the district court was correct in its
17 procedural ruling and **DECLINES** to issue a certificate of appealability on the issue
18 presented for appeal.

19  **IT IS SO ORDERED**.

21 DATED:  June 6, 2013

22 *Janis L. Sammartino*
    Honorable Janis L. Sammartino
23 United States District Judge